1  RICHARD E. QUINTILONE II (SBN 200995)
   ALVIN B. LINDSAY (SBN 220236)
2  **QUINTILONE & ASSOCIATES**
   22974 EL TORO ROAD SUITE 100
3  LAKE FOREST, CA 92630-4961
   TELEPHONE NO. (949) 458-9675
4  FACSIMILE NO. (949) 458-9679
   E-MAIL: REQ@QUINTLAW.COM; ABL@QUINTLAW.COM
5  DAVID R. MARKHAM, ESQ. (SBN 071814)
6  **THE MARKHAM LAW FIRM**
   750 B STREET, SUITE 1920
7  SAN DIEGO, CA 92101
   TELEPHONE NO. (619) 399-3995
8  FACSIMILE NO. (619) 615-2067
   EMAIL dmarkham@markham-law.com
9  Attorneys for Plaintiff, CHRYSTIANE LAYOG, and all others similarly situated

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12              **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 13 CHRYSTIANE LAYOG, an individual, on behalf of herself and all others similarly situated; | **Case No.:** |
| 14 | **CLASS ACTION** |
| | **Assigned For All Purposes To:** |
| 15        Plaintiff, | **Hon.** |
| | **Dept:** |
| 16   vs. | **CLASS ACTION COMPLAINT FOR:** |
| 17 WELLS FARGO, an unknown business entity; and DOES 1 through 100, inclusive | 1. **FAILURE TO PAY OVERTIME UNDER FLSA [29 USC §§ 206, 207]** |
| 18 | 2. **FAILURE TO PAY WAGES AND OVERTIME (LABOR CODE § 1194);** |
| 19        Defendants. | 3. **FAILURE TO PROVIDE MEAL BREAKS (LABOR CODE §226.7);** |
| 20 | 4. **FAILURE TO PROVIDE REST PERIODS (LABOR CODE §226.7);** |
| 21 | 5. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (LABOR CODE §226)** |
| 22 | 6. **FAILURE TO PAY ALL WAGES DUE TWICE MONTHLY (LABOR CODE §204)** |
| 23 | 7. **FAILURE TO PAY WAGES UPON TERMINATION OF EMPLOYMENT (LABOR CODE §§200-203);** |
| 24 | 8. **UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES** |
| 25 | |
| 26 | **JURY TRIAL DEMANDED** |
| 27 | |
| 28 | |

CLASS ACTION COMPLAINT

All allegations in this Class Action Complaint are based upon information and belief except for those allegations which pertain to the PLAINTIFF and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after discovery. Plaintiff CHRYSTIANE LAYOG ("Plaintiff"), on behalf of herself and all others similarly situated, complains as to DEFENDANT WELLS FARGO ("Defendant" or "Wells Fargo") and DOES 1-100 (collectively "Defendants"), and each of them, and for causes of action alleges:

## <u>PRELIMINARY ALLEGATIONS</u>

1.  Plaintiff CHRYSTIANE LAYOG is, and at all times mentioned herein was, an individual residing in the County of Santa Clara, State of California.

2.  This is a class action, pursuant to California <u>Code of Civil Procedure</u> § 382 and Rule 23 of the Federal Rules of Civil Procedure, on behalf of Plaintiff and all non-exempt employees employed by, or formerly employed by DEFENDANT WELLS FARGO ("Defendant" or "Wells Fargo"), an unknown business entity, and DOES 1 through 100, inclusive (collectively "Defendants"), within the State of California as tellers. The employees employed by, or formerly employed by, Defendants within the State of California as non-exempt tellers are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

3.  For at least four years prior to the filing of the original Complaint on **January 28, 2010** in the class action entitled *Ramirez et al. v Wells Fargo Bank*, Superior Court of the State of California for the County of Alameda (Case No. RG10496146), by virtue of tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) and equitable tolling, and through to the present ("relevant time period" or "liability period"), Defendants consistently maintained and enforced against Defendants' non-exempt employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

(a)    During the Relevant Time Period, Defendants had a consistent policy of requiring employees to work more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, and not paying straight time, minimum wages, overtime compensation pursuant to applicable California Labor Code requirements;

(b)    During the Relevant Time Period, Defendants had a consistent policy of requiring Class Members within the State of California, including Plaintiff, to work at least five (5) hours without a lawful meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

(c)    During the Relevant Time Period, Defendants have had a consistent policy of failing to provide Class Members within the State of California, including Plaintiff, rest periods of at least (10) minutes per three and a half (3.5) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

(d)    With respect to Class Members who either were discharged, laid off, or resigned, during the Relevant Time Period, Defendants failed to pay them in accordance with the requirements of Labor Code §§ 201, 202, 203; and

(e)    During the Relevant Time Period, Defendants failed to maintain accurate records of Class Members' earned wages and work periods, as evidenced, for example, by Defendants' failure to keep adequate records of meal periods.

4.    Plaintiff, on behalf of herself and all other Class Members, brings this action pursuant to California Labor Code §§ 201, 202, 203, 218, 218.6, 226, 226.7, 512, 1194, 1199, and California Code of Regulations, Title 8, section 11000 et seq., seeking unpaid straight pay, overtime, meal and rest period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

5.  Plaintiff, on behalf of herself and all Classes, pursuant to <u>Business and Professions Code</u> §§ 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

6.  The amount in controversy is in excess of the minimum jurisdiction of this court, exclusive of interest and costs.

7.  Plaintiff is informed and believes, and thereon alleges, that Defendant WELLS FARGO is, and at all times mentioned herein was, an unknown business entity with many branches located throughout California existing under the laws of the State of California, with substantial contacts throughout California, including Santa Clara County County.

8.  The true names and capacities of DOES 1 through 100 inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues such Defendants by fictitious names pursuant to California <u>Code of Civil Procedure</u> § 474. Plaintiff will amend the complaint to show their true names and capacities once they have been ascertained. Plaintiff is informed and believe, and thereon allege, that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged, and that Plaintiff's injuries and damages as alleged were proximately caused by their conduct. Doe Defendants will be referred to collectively with Wells Fargo as "Defendants."

9.  Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, at all relevant times were the agents, employees, servants, joint ventures, directors, fiduciaries, representatives, and/or co-conspirators of each of the remaining Defendants. The Defendants, in doing the things alleged, were acting within the course and scope of such relationship and are responsible in some manner for the occurrences alleged and, as a proximate cause, of Plaintiff's damages as alleged.

10. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants knowingly and purposefully conspired to and agreed to the acts herein

alleged. Defendants did these acts pursuant to and in furtherance of their conspiracy. Defendants furthered their conspiracy by cooperation, lending aid, encouragement, ratification and adopting the acts of each other.

11. Plaintiff is informed and believes and thereon alleges, that Defendants committed other wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff will seek leave of court to amend this Complaint when Plaintiff discovers any other acts or omissions of such Defendants.

12. Venue as to each Defendant is proper in this judicial district, pursuant to 28 U.S.C. §§ 1391(a)-(c). The Court has personal and subject matter jurisdiction over the parties and claims pursuant 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA"), as well as under 28 U.S.C. § 1331 (based upon the FLSA claim under 29 U.S.C. § 203 et seq.). This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 for all claims asserted under the California Labor Code and related provision. On information and belief, Defendants operate and are doing business as Wells Fargo in California and are doing business in San Francisco County and throughout California, and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California. Defendant employs numerous Class Members in San Francisco County and in this District, and its headquarters are located in San Francisco, California.

## FACTUAL BACKGROUND

13. Plaintiff Layog was a teller for Defendant and was employed from December of 2011 through July of 2014. She was assigned to the Sunnyvale, California Wells Fargo branch location co-located in a Safeway supermarket.

14. Plaintiff, along with the other members of the proposed Class, was also required to work overtime and substantial off the clock hours without receiving pay for all hours worked at the required rate of pay. Plaintiff was required to work for 10-15 minutes both before and after her shift and off the clock to so that she could perform tasks necessary for starting work at the start of her shift time, and Plaintiff and the other

Class Members were also required to have their computer systems up and running when their shifts started and the shut down their computers off the clock after their shifts ended. The branch computer systems had to be booted up and shut down each day, and Plaintiff and the Class Members were required to log into the computer system with their employee log on, and into the Store Vision Teller system ("SVT system"), to begin work. The required SVT inputs included an entry showing the teller's cash box was properly accounted for, and were all time stamped to reflect when the employees logged on and performed various tasks. These SVT log times will show the times when Plaintiff and the Class Members were working even though their inputs into the Time Tracker timekeeping system they were required to input by managers showed them to be off the clock.

15. Entries in Wells Fargo's Time Tracker system were not contemporaneous, and had to be approved by managers first before they were sent to payroll. Plaintiff and the Class members were not permitted to enter any overtime hours, or had their overtime hours worked changed or were required by managers to change their time entries to reflect less hours than they actually worked, as they were instructed by managers that Defendant would not pay overtime or tightly controlled it. Plaintiff and the Class Members were therefore often required to input inaccurate time into the Time Tracker system at the instruction of their managers so the managers could ensure that no one had overtime, even though Plaintiff and the Class Members actually worked a substantial number of overtime hours. The timekeeping system, namely the Time Tracker system, was not contemporaneous, and only reflected what Plaintiff and the Class members inputted into it. As these entries were also often either amended by managers or by employees at the managers' instruction to reflect less hours worked or to reflect that compliant meal periods were provided when they were not, they were not a true and accurate reflection of the actual hours worked by Plaintiff and the Class Members.

16.     Plaintiff and the other Class members were also required to attend and conduct mandatory customer experience meetings, which employees were required to attend even if they were off.  Plaintiff would be written up if her customer reviews were not acceptable to her managers, and she and the other Class members were instructed that serving the customers was their paramount concerns, thus taking priority over their breaks.  The complaints by Plaintiff and the Class members regarding these and the other failure to pay wages were ignored by Defendant, and Defendant also failed to pay all wages owed to them by failing to include production related bonuses in the regular rate it used to calculate the overtime it so tightly controlled.  Therefore, if and when Plaintiff and the Class Members were actually paid for their overtime hours worked, they were not paid at the required rate of pay for overtime.

17.     Plaintiff and the Class members were also not provided with all their required meal periods and were not authorized and permitted to take all their required rest breaks.  Throughout the duration of her employment, Plaintiff was frequently called upon during her meal and rest periods to assist with customers and sales. Due to the work demands placed upon them by Defendant, and the chronic understaffing that occurred, Plaintiff and the Class members did not receive all of their required meal periods and rest breaks.  They were required by managers and the work demands placed upon them to return to work when they were on break or to work through breaks so that they could help customers or were otherwise unable to take their breaks because the customer lines were long.   On these occasions, Plaintiff and the Class members were instructed to input time in a way that would not show that they missed a meal break or received one for less than 30 (thirty) minutes or received one before the fifth hour of work in order to avoid a violation.   In addition to either not receiving meal periods or receiving them late or for less than the required thirty (30) minutes, Plaintiff and the Class members were not authorized and permitted to take a ten (10) minute duty-free rest period for every four hours worked, or major fraction thereof, due to the work

demands placed upon them and the understaffing that occurred. If and when they did receive a first rest break on a shift, they did not receive a second one or else the breaks they did receive were interrupted or on-duty.

18.     Additionally, while the Time Tracker entries show some payments for meal and rest period premiums, they do not reflect all the violations and entries that were inputted in the time records did not always get reflected on the wage statements and payroll records. Plaintiff and the Class members were discouraged from inputting or otherwise instructed by managers not to input any codes for meal period or rest break violations in the Time Tracker system so that the records would reflect compliance when they were not compliant. They were also required and instructed by managers to remove any inputted meal period or rest break violations after they had been entered so that Defendant could avoid paying premium penalty wages and they would not adversely impact the store budgets.

19.     As a result of these above described failures to pay wages, and Defendants' failure to provide one hour of pay at the regular rate for meal and rest period violations, Defendants failed to pay Plaintiff and the other employee Class Members all wages owed in a timely manner pursuant to Labor Code § 204. With this in mind, the wage statements provided to Plaintiff and the similarly situated employee Class Members failed to accurately itemize all of the requirements set forth in Labor Code § 226(a), including total hours worked, all applicable wage rates, total net wages earned, and the total wages earned at the applicable rates. Though Plaintiff' employment with Defendants concluded more than 6 months ago, they have not been timely paid all wages owed. This violates Labor Code §§ 201-203, and other former employees were also believed to be subject to the same failure to timely pay all wages owed at termination or separation. As a result of these unlawful business practices, Plaintiff and the putative Class have not received all premium pay owed and have incurred lost wages, along with other losses and penalties for the violations addressed herein.

20.     On information and belief, Plaintiff alleges that Defendants' actions as described throughout this Complaint were willful.

21.     Defendants have made it difficult to account with precision for the unpaid wages and unlawfully withheld meal and rest period compensation owed to Defendants' non-exempt employees, including Plaintiff, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and section 4 of the California Wage Orders.  Defendants have failed to comply with Labor Code § 226(a) by failing to accurately report total hours worked by Plaintiff and the Class Members.  Plaintiff and Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(b).

22.     Defendants have failed to comply with section 4 of the California IWC Wage Orders by failing to maintain time records accurately showing when each employee begins and ends each work period and meal period,  failing to accurately record and report all wages earned pursuant to Labor Code § 226.7, and by failing to accurately record and report total daily hours worked by Class Members and all deductions from payment of wages on their itemized wage statements.

## DELAYED DISCOVERY AND EQUITABLE TOLLING

23.     Defendants, as prospective and actual employers of the Class members, had a special fiduciary duty to disclose to prospective Plaintiff Classes the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon non-exempt, hourly employees.  In addition, Defendants knew that they possessed special knowledge about their pay practices and policies, most notably intentionally refusing to pay overtime and straight time hours actually worked and recorded on Defendants' punch records.

24.     Plaintiff and Plaintiff Classes did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiffs and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and

federal law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until they discovered their claims.

25.     The applicable statutes of limitation for the claims of Plaintiff and the Class Members in this action are tolled from the class action entitled *Ramirez et al. v Wells Fargo Bank*, Superior Court of the State of California for the County of Alameda Case No. RG10496146, filed on **January 28, 2010**, by virtue of tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) and equitable tolling.

## CLASS ALLEGATIONS

26.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to California Code of Civil Procedure § 382 and Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff seek to represent a Class (or "Class Members") composed of and defined as:

> **All persons who are employed or have been employed by Defendants in the State of California, during the period of four years prior to January 28, 2010 through resolution of this action, who have worked as non-exempt tellers.**

27.     Further, Plaintiff seeks to represent the following subclasses composed of and defined as follows (collectively with the "Class" referred to as the "Plaintiff Classes"):

(a)     **Subclass 1.  FLSA Overtime Class.**  All current and former non-exempt employees of Defendants throughout the United States employed during the period of four years prior to **January 28, 2010** through resolution of this action who worked more than forty (40) hours in any given week and who were not paid overtime compensation pursuant to applicable FLSA requirements.

(b)     **Subclass 2.  Wage Payment Subclass.**  All persons who are employed or have been employed by Defendants in the State of California who, during the period of four years prior to **January 28, 2010** through resolution of this action, have

worked as non-exempt tellers and were not provided all wages earned pursuant to the <u>Labor Code</u> and applicable IWC Wage Orders.

(c)     **Subclass 3.  Meal Break Subclass.**  All persons who are employed or have been employed by Defendants in the State of California who, during the period of four years prior to **January 28, 2010** through resolution of this action, have worked as non-exempt tellers and have not been provided a meal period for every five (5) hours or major fraction thereof worked per day, and were not provided one (1) hour's pay for each day on which such meal period was not provided pursuant to <u>Labor Code</u> § 226.7 and § 512.

(d)     **Subclass 4.  Rest Period Subclass**.  All persons who are employed or have been employed by Defendants in the State of California who, during the period of four years prior to **January 28, 2010** through resolution of this action, have worked as non-exempt tellers and have not been provided a rest period for every three and a half (3.5) hours or major fraction thereof worked per day, and were not provided compensation of one (1) hour's pay for each day on which such rest period was not provided pursuant to <u>Labor Code</u> § 226.7 and § 512.

(e)     **Subclass 5.  Paystub Subclass**.  All persons who are employed or have been employed by Defendants in the State of California who, during the period of four years prior to **January 28, 2010** through resolution of this action, have worked as non-exempt tellers and were not provided an itemized statement accurately showing total hours worked, the applicable hourly rates in effect during each pay period, the corresponding hours worked at each rate, or any of the other requirements pursuant to <u>Labor Code</u> § 226(a).

(f)     **Subclass 6.  Termination Pay Subclass.**  All persons who are employed or have been employed by Defendants in the State of California who, during the period of four years prior to **January 28, 2010** through resolution of this action, have worked as non-exempt tellers and were not provided all wages due upon termination or resignation pursuant to <u>Labor Code</u> §§ 200 through 203.

(g)     **Subclass 7.   B&P Code § 17200 Subclass.**   All persons who are employed or have been employed by Defendants in the State of California who, during the period of four years prior to **January 28, 2010** through resolution of this action, have worked as non-exempt tellers and who were subjected to Defendants' unlawful, unfair or fraudulent business acts or practices in the form of Labor Code violations regarding overtime, meal periods, rest periods, or minimum wages and/or waiting time penalties.

28.     Plaintiff reserves the right, under Rule 15 of the Federal Rules of Civil Procedure and Rule 1855(b) of the California Rules of Court, to amend or modify the class descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

29.     This action has been brought and may properly be maintained as a class action under the provisions of the California Code of Civil Procedure § 382 and Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class and Plaintiff Classes are easily ascertainable.

**Numerosity**

30.     The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable.  Plaintiff estimates there are more than 1,000 Class Members.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, thousands of employees in positions as Defendants' non-exempt tellers in California, who are or have been affected by Defendants' unlawful practices as alleged herein.

31.     Employee turnover during the relevant time period will increase this number substantially.  Upon information and belief, Plaintiff alleges Defendants'

employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Plaintiff Classes is not practicable.

**Commonality**

32.     There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(a)     Whether Defendants violated <u>Labor Code</u> §§ 226.7 and 512, section 4 of the IWC Wage Orders, and Cal. <u>Code Regs.</u>, Title 8, section 11040, et seq. by failing to provide a meal period to non-exempt tellers on days they worked work periods in excess of five (5) hours and failing to compensate said employees one (1) hour's wages in lieu of meal periods;

(b)     Whether Defendants violated <u>Labor Code</u> § 226.7 and the IWC Wage Orders, and Cal. <u>Code Regs.</u>, Title 8, section 11040 et seq. by failing to provide daily ten (10) minute rest periods to non-exempt tellers for every three and a half (3.5) hours and/or 7 hours or major fraction thereof worked and failing to compensate said employees one (1) hour's wages in lieu of rest periods;

(c)     Whether Defendants violated <u>Labor Code</u> § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

(d)     Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all employees during the relevant time period for all hours worked, whether regular or overtime;

(e)     Whether Defendants violated <u>Business and Professions Code</u> § 17200 et seq. by failing to provide meal and rest periods without compensating non-exempt tellers one (1) hour's pay for every day such periods were not provided, failing to pay compensation for denied meal and rest periods due and owing at the time a Class Member's employment with Defendants terminated, and failing to keep accurate

CLASS ACTION COMPLAINT

records;

(f)     Whether Defendants violated § 17200 et seq. of the <u>Business and Professions Code</u>, <u>Labor Code</u> §§ 201-203, 204, 206.5, 215, 216, 220, 221, 226, 226.7, 510, 512, 1174, 1194, and applicable IWC Wage Orders, which constitutes a violation of fundamental public policy; and

(g)     Whether Plaintiff and the Class Members are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 et seq.

There are common answers to these questions which further demonstrate that class treatment is appropriate in this case.

### **<u>Typicality</u>**

33.     The claims of the named Plaintiff is typical of the claims of the Class Members. Plaintiff and all members of each of the Plaintiff Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

### **<u>Adequacy of Representation</u>**

34.     Plaintiff will fairly and adequately represent and protect the interests of the members of each Class.  Counsel who represent Plaintiff are competent and highly experienced in litigating large employment and wage & hour class actions, certified numerous contested class actions, and have even participated in a jury trial of a certified class action.

### **<u>Superiority of Class Action</u>**

35.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to each of the Plaintiff Classes predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

36.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

37.     Class Plaintiff contemplates the eventual issuance of notice to the proposed Class Members of each of the Plaintiff Classes that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required, additional media and/or mailings can be used.

## FIRST CAUSE OF ACTION

## <u>FOR FAILURE TO PAY OVERTIME COMPENSATION</u>

### [FLSA 29 USC § 203]

### (Against WELLS FARGO and DOES 1 through 100)

38.     Plaintiff and the Plaintiff Classes re-allege and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

39.     At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

40.     Plaintiff is informed and believes, and thereon allege, that Defendants have required, or require, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following: "Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at

a rate which is not less than one and one-half times the regular rate at which he is employed."

41. In the performance of their duties for Defendants, members of the FLSA Class often did work over forty (40) hours per week and did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.

42. The precise number of unpaid overtime hours will be proven at trial.

43. Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

44. Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

45. As a result of the foregoing, Plaintiff seeks judgment against Defendants on her own behalf and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including overtime wages owed by Defendants to the Representative Plaintiff and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### (FAILURE TO PAY WAGES AND OVERTIME COMPENSATION)

### [California Labor Code §§ 510, 1174, 1198; IWC Wage Order 4]

### (Against WELLS FARGO and DOES 1-100)

46. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

47.     In California, employees must be paid at least the then applicable state minimum wage for all hours worked.  (IWC Wage Order MW-2014).

48.     Cal. Labor Code § 1198 provides that "[T]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

49.     Employees in California shall not be employed more than eight hours in any work day, and/or more than forty hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.  More specifically, Labor Code § 510 codifies the right to overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

50.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in Plaintiff's name without first filing a claim with the Department of Labor Standards and Enforcement.

51.     At all times relevant hereto, IWC Wage Order No. 4-2001 [clerical, hourly] applied, and applies, to Plaintiff's and the Class' employment with Defendants.

52.     At all times relevant hereto, the Labor Code requirements and IWC Wage Order No. 4-2001(3)(A) also provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week, and for the first eight (8) hours on the seventh consecutive day of work in a work week.

53.     At all times relevant hereto, <u>Labor Code</u> § 510 and IWC Wage Order No. 4-2001(3)(A) provided for payment of overtime premium wages equal to double the employee's regular rate of pay for all hours worked over twelve (12) hours in any workday, and for all hours worked over eight (8) hours on the seventh consecutive day of work in a work week.

54.     Defendants, and each of them, have intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, including Plaintiff's, to avoid payment of overtime wages and other benefits in violation of the California <u>Labor Code</u> and California <u>Code of Regulations</u> and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement.   Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt employees to work through meal periods when they were required to be clocked out or to otherwise work off the clock before or after their work shifts or during breaks to complete their daily job duties or to attend and participate in company required activities. Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, and imposed difficult to attain job and scheduling requirements on Plaintiff and the Class Members, which resulted in an underpayment of wages to employees over a period of time while benefiting Defendants.

55.     At all times relevant hereto, from time to time, Plaintiff and the Wage Payment Subclass members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants.  During the relevant time period, Plaintiff and the Wage Payment Subclass members were not fully paid for all the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day and/or in excess of forty (40) hours in a week as a result of Defendants' above described policies and practices.  Therefore, Plaintiff and the Wage Payment Subclass members were not properly paid for all of their hours worked, including for the hours they have worked in excess of the maximum hours permissible by law as required by California <u>Labor Code</u> § 1194, § 1197 and § 1198 and the provisions of IWC Wage Orders and the applicable California <u>Code of</u>

<u>Regulations</u> sections.

56.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Wage Payment Subclass members for both regular time and overtime hours, Plaintiff and the Wage Payment Subclass members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the minimum jurisdictional limits of this Court and which will be ascertained according to proof at trial.

57.     Defendants' failure to pay these employees the proper wages has violated and continues to violate California <u>Penal Code</u> §§ 484 and 532 (obtaining labor through false pretenses).

58.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, knew or should have known that these non-exempt employees did not qualify as exempt employees, and Defendants purposely elected not to pay Plaintiff and all non-exempt employees for their overtime labor.

59.     Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and all non-exempt employees with a conscious disregard of their rights and the consequences to them, with the intent of depriving Plaintiff and the Wage Payment Subclass members of their property and legal rights and otherwise causing them injury.

60.     Plaintiff, individually and on behalf of members of the Class and Plaintiff Classes, requests recovery of both straight time and overtime compensation according to proof, interest, attorney's fees and costs pursuant to <u>Labor Code</u> § 1194(a), as well as the assessment of any statutory penalties against these Defendants, and each of them, and any additional sums as provided by the <u>Labor Code</u> and/or other statutes.

61.     Further, Plaintiff and the Class and Subclass members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §§ 210 and 1194.

## THIRD CAUSE OF ACTION

### (FAILURE TO PROVIDE MEAL PERIODS)

### [CALIFORNIA LABOR CODE §§ 226.7 and 512, and

### CODE OF REGULATIONS Title 8, §11040]

### (Against WELLS FARGO and DOES 1-100)

62.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

63.     Labor Code §§ 226.7 and 512 and California Code of Regulations, Title 8, § 11040(11)(A), provides that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

64.     Labor Code §§ 226.7 and 512 and California Code of Regulations, Title 8, § 11040, provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

65.     Defendants, and each of them, have intentionally and improperly denied meal periods to Plaintiff in violation of Labor Code §§ 226.7 and 512 and California Code of Regulations, Title 8, § 11040 (11)(A) and other regulations and statutes.

66.     At all times relevant hereto, Plaintiff worked more than five (5) hours in a workday.

67.     At all times relevant hereto, Defendants, and each of them, failed to provide meal periods as required by Labor Code §§ 226.7 and 512 and California Code of Regulations, Title 8, § 11040 (11)(A).

68.     By virtue of the Defendants' unlawful failure to provide meal periods to Plaintiff, Plaintiff has suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

69.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, purposely elected not to provide meal periods and scheduled Plaintiff in a manner which prevented her from taking a lawful meal period.

70.     Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff with a conscious disregard of her rights, or the consequences to Plaintiff, with the intent of depriving her of property and legal rights and otherwise causing Plaintiff injury.

71.     Plaintiff requests, on behalf of herself and other members of the Plaintiff's Classes who endured similar violations, recovery of meal period compensation, on behalf of herself and other members of the Plaintiff's Classes who endured similar violations, pursuant to Labor Code §§ 226.7 and 512 and California Code of Regulations, Title 8, § 11040 (11)(D), as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

## FOURTH CAUSE OF ACTION

### (FAILURE TO PROVIDE REST PERIODS)

### [CALIFORNIA LABOR CODE §§ 226.7 and 512, and

### CODE OF REGULATIONS Title 8, §11040]

### (Against WELLS FARGO and DOES 1-100)

72.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

73.     California Labor Code §§ 226.7 and 512 and California Code of Regulations, Title 8, § 11040(12)(A), provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per three and one-half hours (3.5) work hours.

74. California <u>Labor Code</u> §§ 226.7 and 512 and California <u>Code of Regulations,</u> Title 8, § 11040 (12)(D), provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

75. Defendants, and each of them, have intentionally and improperly denied rest periods to Plaintiff in violation of California <u>Labor Code</u> §§ 226.7 and 512 and California <u>Code of Regulations,</u> Title 8, § 11040 (12)(A).

76. At all times relevant hereto, Plaintiff worked more than four hours in a workday.

77. At all times relevant hereto, the Defendants, and each of them, failed to provide rest periods as required by California <u>Labor Code</u> §§ 226.7 and 512 and California <u>Code of Regulations,</u> Title 8, § 11040(12)(A).

78. By virtue of the Defendants' unlawful failure to provide rest periods to the Plaintiff, Plaintiff has suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

79. Plaintiff is informed and believe, and based upon that information and belief allege, that Defendants, and each of them, knew or should have known that Plaintiff was entitled to rest periods and purposely elected not to provide rest periods.

80. Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff with a conscious disregard of her rights, or the consequences to Plaintiff, with the intent of depriving Plaintiff of property and legal rights and otherwise causing Plaintiff injury.

81. Plaintiff, on behalf of herself and other members of the Plaintiff's Classes who endured similar violations, requests recovery of rest period compensation pursuant to California <u>Labor Code</u> §§ 226.7 and 512 and California <u>Code of Regulations,</u> Title 8, § 11040(12)(B), as well as the assessment of any

statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

### FIFTH CAUSE OF ACTION

### (FAILURE TO FURNISH ACCURATE ITEMIZED STATEMENTS)

### [CALIFORNIA LABOR CODE § 226]

### (Against WELLS FARGO and DOES 1-100)

82. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

83. Throughout Plaintiff's employment, Defendants intentionally failed to furnish to Plaintiff upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate for Class Members paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226, amongst other statutory requirements.

84. Plaintiff, and other members of the Plaintiff's Classes who endured similar violations, were damaged by these failures because, among other things, the lack of the required information hindered them from determining the amount of wages owed to them and led them to believe they were not entitled to be paid wages for all hours worked, for overtime, missed meal and rest breaks, or for each hour of labor they performed, for hours rounded in a manner to benefit the employer, for piece rates where applicable, and the properly hourly rate where applicable, although they were so entitled. The absence of accurate wage statements has prevented timely

challenges to Defendants' unlawful pay practices, caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies. The entitlement of Plaintiff and the Class to is to receive Wage Statements that accurately list the total amount of wages earned and deductions from wages as reflected on wage statements, and Plaintiff and the Class have thereby been injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. All Class Members have been similarly injured. As a result of Defendants' conduct, Plaintiff and the Class have suffered injury because their legal right to receive accurate wage statements was violated.

85. Labor Code § 226(a) requires Defendants "semimonthly or at the time each payment to wages" to furnish to Plaintiff and the Class "an accurate itemized statement in writing" showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate for Class Members paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226. Defendants knowingly and intentionally failed to provide Plaintiff and the Class with such timely and accurate wage and hour statements.

86. Plaintiff and the Class suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e) as the Defendants have failed to provide a wage statement, failed to

provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiff and Class cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

87. Defendants concealed this information from Plaintiff and the Class Members, despite having a statutory duty to provide this information, entitling them to toll the statute of limitations on this claim.

88. Plaintiff and the other members of the Plaintiff's Classes who endured similar violations are entitled to the amounts provided in California Labor Code § 226(e), plus costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**(FAILURE TO PAY WAGES DUE AND PAYABLE TWICE MONTHLY)**

**[CALIFORNIA LABOR CODE § 204]**

**(Against WELLS FARGO and DOES 1-100)**

89. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

90.     California <u>Labor Code</u> § 204 requires that all wages are due and payable twice in each calendar month.

91.     The wages required by California <u>Labor Code</u> §§ 226.7 and 1194 and other statutes became due and payable to Plaintiff and the employee Class Members when they were not provided with a meal period or rest period or paid straight or overtime wages to which they were entitled.

92.     Defendants violated California <u>Labor Code</u> § 204 by systematically refusing to pay wages due.

93.     Defendants concealed this information from Plaintiff, despite having a statutory duty to provide this information, entitling them to toll the statute of limitations on this claim.

94.     As a result of the unlawful acts of Defendants, Plaintiff and the other members of the Plaintiff's Classes who endured similar violations, have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to California <u>Labor Code</u> §§ 204, 210, 215, 218.5 and 1194.

**SEVENTH CAUSE OF ACTION**

**(FAILURE TO PAY WAGES UPON TERMINATION EMPLOYMENT)**

**[CALIFORNIA LABOR CODE §§ 201- 203]**

**(Against WELLS FARGO and DOES 1-100)**

95.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

96.     Plaintiff was discharged from her employment with Defendants within the applicable statute of limitations.

97.     However, Defendants failed to pay Plaintiff and the members of the Plaintiff Classes without abatement all wages as defined by applicable California law.  Among other things, they were not paid any of the rest and meal period compensation referred to in this complaint, neither were they paid the other unpaid

wages referred to in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of California Labor Code §§ 201-203.

98.    Therefore, Plaintiff, and the other members of the Plaintiff Classes, are entitled to one day's wages for each day they were not timely paid all said wages due, up to a maximum of 30 days' wages. Since they were never paid the premium wages to which they were entitled, and were never paid the other unpaid wages referred to in this complaint, Plaintiff and the other members of the Plaintiff classes who are former employees of Defendants, are entitled to 30 days of wages, attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**

**FOR UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES**

**[CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*]**

**(Against WELLS FARGO and DOES 1-100)**

99.    Plaintiff and the Members of the Class (and Plaintiff Classes) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

100.    This claim is brought by Plaintiff, on behalf of herself and on behalf of the Class and the Plaintiff Classes.

101.    At all times relevant hereto, from time to time, the Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Class have had their hours adjusted, changed and/or modified to not reflect their actual number of hours worked per day and per pay period.   Plaintiff and the members of the Plaintiff Classes have therefore not been paid all earned and owed wages.

102.    At all times relevant hereto, from time to time, Plaintiff and aggrieved employees have worked more than twelve (12) hours in a workday, and/or more than

eight (8) hours on the seventh (7th) consecutive workday in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Class have had their hours adjusted, changed and/or modified to not reflect their actual number of hours worked per day and per pay period, and endured these and the other violations detailed in the above causes of action.

103. At all times relevant hereto, from time to time, Plaintiff and the Class have been denied meal breaks by Defendants.

104. At all times relevant hereto, from time to time, Plaintiff and the Class have been denied rest breaks by Defendants.

105. Defendants, and each of them, are "persons" as defined under of Business & Professions Code § 17021.

106. During the period of at least four years prior to the Complaint filing to the present time and at all times relevant hereto, by and through the conduct described herein, the Defendants have engaged in unfair, unlawful and fraudulent business practices, in violation of California Business & Professions Code §§ 17200, *et seq*., and have thereby deprived Plaintiff, and all persons in interest, of fundamental rights and privileges guaranteed to all employees under California law.

107. Defendants own, operate and manage business entities in California which provide services in California to the public as defined in of Business & Professions Code §§ 17022 and 17024.

108. Defendants, as set forth in this Complaint, supra, engaged in false, unfair and misleading business practices, consisting of acts and omissions that include, but are not limited to:

> (a) The fact that Defendants adjusted, rounded, altered and/or changed time and/or pay schedules to reflect that they had not worked all straight time or overtime hours;

> (b) The fact that Defendants required non-exempt, hourly tellers to work more than three and a half (3.5) hour shifts without a ten (10) minute

rest period;

    (c)    The fact that Defendants required non-exempt, hourly tellers to work more than five (5) hour shifts without a thirty (30) minute meal period;

    (d)    The fact that Defendants required non-exempt, hourly tellers to work more than five (5) hours per week without a thirty (30) minutes meal period, and then adjusted, altered and/or changed schedules and/or time clocks to reflect that they had received a thirty (30) minute meal period;

    (e)    The fact that Defendants kept no detailed records of non-exempt, hourly tellers' actual daily work activities, in part, to prevent Plaintiff and Plaintiff Classes from recovering overtime wages from Defendants after the discovery of Defendants' deceptive, fraudulent, false, unfair and unlawful conduct;

    (f)    The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Classes for all hours worked;

    (g)    The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Classes twice monthly for all hours worked;

    (h)    The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Classes upon termination of employment; and

    (i)    The fact that Defendants' activities related to their failure to disclose material and relevant information constitutes violations of <u>Business & Professions Code</u> § 17200.

109.    Defendants, and each of them, have under reported to state authorities wages earned by non-exempt, hourly employees and, therefore, have underpaid state taxes, employer matching funds, unemployment premiums and Worker's Compensation premiums. The aforesaid conduct is criminal in nature and subjects the Defendants, and each of them, to sanctions, fines and imprisonment, and is actionable under <u>Business &</u>

Professions Code §§ 17000, *et seq.* and 17200, *et seq.*

110.    Pursuant to California Business & Professions Code §§ 17071 and 17075, the failure of Defendants, and each of them, to pay overtime wages, related benefits, and employment taxes, is admissible as evidence of Defendants' intent to violate Chapter 4 of the Unfair Business Trade Act.

111.    Defendants' practices are unlawful, unfair, deceptive, untrue, and misleading.  Non-exempt, hourly employees, including Plaintiff and Plaintiff Classes are likely to be deceived by these practices.

112.    As a direct and proximate result of these acts and omissions, Plaintiff, is informed and believes, and based upon that information and belief alleges, that the Defendants, and each of them, were able to unfairly compete with other similar businesses in the state of California by not paying overtime and wages in violation of Business & Professions Code Chapters 4 and 5, *et al*.  Due to this unfair business practice, Defendants have been able to charge lower prices for its goods and services than the prices charged by other comparable employers doing business in the State of California.

113.    The victims of this unfair business practice include, but are not limited to, all non-exempt, hourly tellers employed by Defendants, competitors of Defendants in the state of California, and the general public.

114.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, other employees, other competitors, and the general public.

115.    By and through the conduct described above, Plaintiff, and all non-exempt, hourly tellers, have been deprived of the right to be paid all wages earned, including meal and rest premiums and overtime compensation earned by virtue of employment with the Defendants at regular intervals, in accordance with the requirements of Labor Code §§ 200-203, 204, 225, 226.7, 510, 512, 1194, 1197, 1198, et seq.

CLASS ACTION COMPLAINT

116. By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all non-exempt, hourly tellers of valuable rights and benefits guaranteed by law, all to their detriment.

117. Plaintiff and the Class have injury-in-fact as a result of Defendants' conduct. Moreover, Plaintiff and the Class have lost money as a direct result of Defendants' unfair, unlawful, deceptive and fraudulent conduct.

118. All of the acts described herein as violations of, among other things, the California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq*.

119. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, are entitled to, and does seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff, and the members of the Plaintiff Classes, are not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

120. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

121. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, has no plain, speedy, and/or adequate remedy at law to redress the injuries which she has suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business

practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff and the Plaintiff Classes have suffered and will continue to suffer irreparable harm unless the Defendants' and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

122. Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to fail to pay overtime wages to non-exempt, hourly employees. In addition, Defendants, and each of them, will continue to avoid paying the appropriate taxes, insurance and unemployment holdings.

123. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, requests that the Court issue a preliminary and permanent injunction prohibiting the Defendants, and each of them, from requiring non-exempt, hourly employees from working more than eight (8) hours a work day and/or forty (40) hours a week in any work week without payment of overtime wages.

124. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, also requests that the Court order Defendants to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of their violation of Business & Professions Code §§ 17200, *et seq*.

125. As Plaintiff seek to enforce an important right affecting the public interest, to wit, the lawful payment of overtime wages as required by law the disgorgement of ill-gotten gains and the restitution of unlawfully withheld wages, with interest thereon, Plaintiff requests an award of attorneys' fees, pursuant to Civil Code § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff **DEMANDS A JURY TRIAL** and prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION**

1. For facilitated Notice under 29 USC § 216(b);

2. For compensation pursuant to FLSA 29 U.S.C. § 201 et seq.;

3. For conditional and Final Certification of a Collective Action;

4. For interest on any compensatory damages; and

5. For attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b).

**ON THE SECOND CAUSE OF ACTION**

1. For pay at the correct wage rate, for each hour Plaintiff and the Plaintiff Classes were not properly paid;

2. For other compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

3. For statutory attorney fees according to proof;

4. For statutory interest according to proof; and

5. For reasonable attorney's fees and costs pursuant to the California <u>Labor Code</u>.

**ON THE THIRD CAUSE OF ACTION**

1. For statutory compensation, including one hour of pay at the correct wage rate, for each day Plaintiff and the Plaintiff Classes were not provided an appropriate meal period;

2. For waiting time penalties according to proof;

3. For statutory costs according to proof; and

4. For statutory interest according to proof.

**ON THE FOURTH CAUSE OF ACTION**

1. For statutory compensation, including one hour of pay at the correct wage rate, for each day Plaintiff and the Plaintiff Classes were not provided an appropriate rest period;

2. For waiting penalties according to proof;

3. For statutory costs according to proof; and

4. For statutory interest according to proof.

**ON THE FIFTH CAUSE OF ACTION**

1. For statutory compensation for any harm caused;
2. For compensatory damages and interest thereon for actual harm caused; and
3. For statutory penalties, interest and attorneys' fees and costs.

**ON THE SIXTH CAUSE OF ACTION**

1. For statutory compensation and compensatory damages for any harm caused; and
2. For statutory penalties and attorneys' fees and costs.

**ON THE SEVENTH CAUSE OF ACTION**

1. For statutory penalties, including thirty (30) days' wages at the correct hourly rate for all wages not timely paid upon termination;
2. For penalty enhancement for willful conduct;
3. For statutory interest according to proof; and
4. For reasonable attorney's fees and costs pursuant to the Labor Code.

**ON THE EIGHTH CAUSE OF ACTION**

1. For the equitable, injunctive and declaratory relief;
2. For Treble damages; and
3. For disgorgement of profits.

**ON ALL CAUSES OF ACTION**

1. For reasonable attorney fees;
2. For costs of suit;
3. For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and
4. For such other and further relief as this Court may deem just and proper.

CLASS ACTION COMPLAINT

Dated:  April 15, 2016                    QUINTILONE & ASSOCIATES

By: _____
RICHARD E. QUINTILONE II
ALVIN B. LINDSAY,
Attorneys for Plaintiff CHRYSTIANE
LAYOG, on behalf of herself and all
others similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of the claims by jury to the extent authorized by law.

Dated:  April 15, 2016                    QUINTILONE & ASSOCIATES

By: _____
RICHARD E. QUINTILONE II
ALVIN B. LINDSAY,
Attorneys for Plaintiff CHRYSTIANE
LAYOG, on behalf of herself and all
others similarly situated