UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARROLL,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>  Defendants.<br>CHRYSTIANE LAYOG,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>  Defendants. | Case No. 15-cv-02321-EMC<br><br>**RELATED CASE**<br><br>Case No. 16-cv-02011-EMC<br><br>**ORDER RE SEVERANCE AND CONSOLIDATION** |

On October 6, 2016, the Court held a conference to address how the above-referenced cases should proceed, given the overlap between (1) *Carroll* and *Layog* and between (2) *Layog* and *Koenig*, No. 15-6472 (PGS) (TJB), a case being litigated in the District of New Jersey. This order memorializes the rulings made by the Court at the conference and provides further analysis, as necessary.

## I. SEVERANCE AND TRANSFER

Under Federal Rule of Civil Procedure 21, a court has discretion to "sever any claim against a party." Fed. R. Civ. P. 21. This rule allows a court "to structure a case for the efficient administration of justice." 4-21 Moore's Fed. Prac. – Civ. § 21.02[1]. This includes "sever[ing] a claim to facilitate its transfer to another venue." *Id.*

In the instant case, the Court concludes that it is appropriate to sever the claims in *Layog* –

1  more specifically, to sever the FLSA claim from the state law claims. The FLSA claim – for
2  failure to pay overtime for, *e.g.*, pre- and post-shift time – shall then be transferred to the District
3  of New Jersey because the *Koenig* case already involves a FLSA claim for unpaid overtime for
4  such shift time and it was filed more than six months before *Layog*. *See Carefusion 202, Inc. v.*
5  *Tres Tech Corp.*, No. C-13-2194 EMC, 2013 U.S. Dist. LEXIS 109146, at *1 (N.D. Cal. Aug. 2,
6  2013) (noting that, "[u]nder the 'first-to-file' rule, 'when cases involving the same parties and
7  issues have been filed in two different districts, the second district court has discretion to transfer,
8  stay, or dismiss the second case in the interest of efficiency and judicial economy'").

9      The Court acknowledges that the *Layog* FLSA claim is more limited than the *Koenig*
10 FLSA claim – *i.e.*, *Layog* is limited to California employees while *Koenig* covers a putative
11 nationwide collective. That point, however, does not detract from the fact that the putative
12 collective in *Layog* is subsumed within the putative collective in *Koenig*. The Court also notes
13 that a transfer to the District of New Jersey will not necessarily prejudice Ms. Layog and her
14 putative collective. Even if Ms. Koenig is subject to a three-year statute of limitations and Ms.
15 Layog is subject to only a two-year statute of limitations, this transfer order does not preclude Ms.
16 Layog from proceeding with her two-year limitations case before the district court in New Jersey.
17 How her case will be managed is a matter for the transferee court to decide. Ms. Layog has also
18 suggested prejudice on the theory that *Koenig* is not proceeding quickly enough (a concern
19 because the statute of limitations continues to run until an individual opts in) but that concern does
20 not preclude transfer. The Court is not in a position to say how the New Jersey district judge shall
21 manage *Koenig* and *Layog*, and Ms. Layog may raise any concerns she has with the New Jersey
22 district judge. Moreover, the Court notes that the pleadings in *Koenig* are already settled whereas
23 they are not in *Layog*, and at the hearing, Ms. Layog actually expressed concern that *Koenig* was
24 moving too fast because certification discovery was closing soon.

## II. CONSOLIDATION

26     The Court is now left with the state claims in *Layog*, as well as *Carroll*. Ms. Carroll has
27 indicated willingness to limit her case to service employees only, leaving the rights of platform
28 employees to be litigated in state court. Then, citing the first-to-file rule, Ms. Carroll argues that

1 the *Layog* state claims should be dismissed or stayed in favor of her case, but the Court is not
2 persuaded. A dismissal or a stay makes little sense, particularly because *Layog* includes a claim
3 (based on California Labor Code § 204) that has not been raised in *Carroll* and that claim is
4 related to the other claims raised in both *Carroll* and *Layog*. While Ms. Carroll indicates that she
5 is amenable to amending her complaint to include a § 204 claim, Ms. Layog was the first to raise
6 that claim. Taking into account all the circumstances, the Court concludes that consolidation of
7 the state law claims in *Layog* (including the § 204 claim) with *Carroll*, with the cases being
8 limited to service employees, is the most sensible approach. *See* Fed. R. Civ. P. 42(a)(2)
9 (providing that, "[i]f actions before the Court involve a common question of law or fact, the court
10 may . . . consolidate the actions").

11 Because the Court is consolidating the actions, a consolidated amended complaint is
12 necessary. However, before that pleading is filed, the Court must first select lead counsel to
13 determine who will litigate this case on behalf of the putative class. *See* Fed. R. Civ. P. 23(g)(2)-
14 (3) (providing that, "[i]f more than one adequate applicant [for appointment as class counsel]
15 seeks appointment, the court must appoint the applicant best able to represent the interests of the
16 class" and that "[t]he court may designate interim counsel to act on behalf of a putative class
17 before determining whether to certify the action as a class action").

18 Motions for appointment of lead counsel shall be filed by October 13, 2016. The motions
19 shall be heard on October 27, 2016, at 9:30 a.m. (not 1:30 p.m.).

21 **IT IS SO ORDERED**.

23 Dated: October 7, 2016

_____
EDWARD M. CHEN
United States District Judge

3